IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MABEL FRANCES UFHEIL,

                    Plaintiff,

vs.                                    Case No. 09-4047-SAC

M. DEWEY BAIN, Esquire
and Trustee of Mabel Frances
Ufheil Trust of 1999,
KATHY LOUISE DANIEL BAIN,
JAMES L. BOEHM, and
BOEHM & BOEHM, CPAs.

                    Defendants.


MEMORANDUM AND ORDER

    This diversity case comes before the court on the motion to dismiss

defendants James L. Boehm, and Boehm & Boehm, Certified Public

Accountants for lack of personal jurisdiction, pursuant to FRCiv. Pro.

12(b)(2).


**Facts**

    The plaintiff is a 96 year-old Kansas resident who has brought suit

based upon diversity jurisdiction against Georgia residents Dewey Bain

and Kathy Louise Daniel Bain, against Texas resident James Boehm, and

against Boehm & Boehm, CPAs, whose primary place of business is in Texas. Plaintiff alleges that the defendants caused her to lose trust assets in the approximate amount of approximately $899,000. The plaintiff's complaint alleges that James Boehm and Boehm & Boehm, CPAs engaged in fraud through silence and breached the accountant's fiduciary duty, and that James Boehm committed conversion. It additionally alleges that Dewey Bain engaged in fraud through affirmative misrepresentations, negligent misrepresentation, embezzlement, civil conspiracy with Kathy Louise Daniel Bain, breach of attorney's fiduciary duty, breach of trustee's fiduciary duty, and conversion.

In the mid-1980's, the plaintiff, who is legally blind, and her husband lived in Texas where they retained defendants James L. Boehm and Boehm & Boehm to prepare their individual federal and state tax returns. In March of 2003, after her husband died, the plaintiff moved to Kansas. These defendants continued to prepare plaintiff's individual tax returns and mailed them to her in Kansas in 2003, 2004, 2005 and 2006. In 2007, attorney M. Dewey Bain hand delivered to plaintiff the individual tax returns which James L. Boehm and Boehm & Boehm had prepared. These defendants also mailed a Tax Organizer to the plaintiff in Kansas each year

from 2003-2006, consisting of multiple pages of information for her to complete and return to them for their use in preparaing her tax returns. James L. Boehm called the plaintiff several times shortly after she moved to Topeka to ask about Kansas tax requirements, and Emily Boehm called her once to confirm that they were using the correct name or initial on her tax forms, but few telephone calls and no personal contacts occurred between the plaintiff and these defendants after the plaintiff moved to Kansas.

In 1999 while still in Texas the plaintiff set up a trust. The plaintiff used M. Dewey Bain, a Texas attorney recommended to her by James L. Boehm and Boehm & Boehm,[1] to prepare the trust. After the trust was established, James L. Boehm and Boehm & Boehm prepared the tax returns for the plaintiff's trust, in addition to preparing her individual tax returns. The trust tax returns were not mailed to the plaintiff but were sent instead to the trustee, M. Dewey Bain, at his business address in Texas. In 2007, after M. Dewey Bain moved to Georgia, the trust tax returns were mailed to him at his business address there.

---

[1]The parties disagree on whether the defendants also recommended other attorneys to the plaintiff, and whether their recommendation was for an attorney to probate her husband's will instead of to set up a trust, but these facts are immaterial to the issue presented in this motion.

3

James L. Boehm and Boehm & Boehm contend that they had no communications, either by telephone or mail, with the plaintiff in Kansas regarding her trust or her trust tax return. The plaintiff disputes this only by reference to one telephone call which occurred after the events which gave rise to this lawsuit. She contends that she called James Boehm after she received a letter dated February 25, 2009, from M. Dewey Bain saying that her trust account was broke, that Mr. Boehm did not answer her question about his knowledge of that fact, and that when she asked him what to do with her 2008 tax information, he told her to send the records to him and she did so.

James L. Boehm avers that neither he nor any employee from Boehm & Boehm has ever set foot in Kansas or transacted any business in Kansas or solicited or serviced any business in Kansas, or committed any act in Kansas. Other than preparing, mailing, and receiving payment for preparing the plaintiff's individual tax returns for the years 2003 - 2007, these defendants have not entered into any contract with anyone in Kansas or received any income from any work performed in Kansas.

Plaintiff contends that James L. Boehm and Boehm & Boehm knew after M. Dewey Bain's establishment of her trust that M. Dewey Bain had

made personal loans to himself from her trust funds, and knew that both M. Dewey Bain and Kathy Louise Daniel Bain were shown as the owner of trust assets that actually belonged to the plaintiff, but failed in their duty to inform her of these material facts. Plaintiff further contends that James L.Boehm and Boehm & Boehm correctly showed her address as Topeka, Kansas on her federal tax returns for 2004, 2005, and 2006, but intentionally misstated her address as Suwanee, Georgia on her 2007 federal tax return so that she would receive no notice from the IRS. Plaintiff additionally contends that these defendants overcharged the trust for services provided and not provided. Plaintiff contends that due to James L.Boehm and Boehm & Boehm's fraud through silence, their breach of fiduciary duty as accountants, and their conversion of her funds by overcharging the trust for services provided and not provided, she lost trust assets in the approximate amount of $899,000.

**Law**

At this procedural posture of the case, the plaintiff has the burden to make a prima facie showing of personal jurisdiction. *Behagen v. Amateur Basketball Ass'n of USA*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*,

471 U.S. 1010 (1985). This may be done "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998). Disputed facts are to be construed in the plaintiff's favor. *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007).

To obtain personal jurisdiction over nonresident defendants in this diversity action, the plaintiff must show that "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Pro Axess, Inc. v. Orlux Distrib'n, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005) (quotation omitted). "Because the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process," the court could address solely the constitutional issue. *See OMI Holdings*, 149 F.3d at 1090. Nonetheless, because the parties address the long-arm statute, the court will briefly do so.

The plaintiff contends that the defendants transacted business in Kansas, committed a tortious act in Kansas, and entered into a contract with a resident of Kansas this state to be performed in whole or in part in

Kansas. *See* KSA § 60-308(b)(1)(A), (B), (E). Plaintiff additionally alleges that the defendants caused her injury in Kansas arising out of an act or omission outside of this state by the defendants and, at the time of the injury the defendants were engaged in solicitation or service activities within this state. *See* KSA § 60-308(b)(1)(G)(i). The court finds it unnecessary to address whether this latter subsection may properly be applied outside the context of a products liability case. *See Oxion, Inc. v. O3 Zone Co.*, 2007 WL 2155675, 2 (D.Kan. 2007).

The court instead examines only the "tortious act" provision of the Kansas long-arm statute, K.S.A. § 60-308(b)(1)(B). Kansas courts have interpreted this provision as permitting suit in Kansas when the injury occurred in Kansas, despite the fact that the intentional tort or negligent conduct occurred outside the state. *Oxion*, 2007 WL 2155675 at *3 (D.Kan. 2007).

> Pursuant to that subsection of the Kansas long-arm statute, a party submits to the jurisdiction of courts in this state if that party, or its agent or instrumentality, commits "a tortious act within this state[.]" K.S.A. § 60-308(b)(2). "[A]n injury which occurs in Kansas as a result of a tortious act outside the state amounts to a 'tortious act within the state,' thus falling within subsection (2) of the long-arm statute." *Taylor v. Phelan*, 912 F.2d 429, 432 (10th Cir.1990) (citing *Ling v. Jan's Liquors*, 237 Kan. 629, 633, 703 P.2d 731, 734 (1985)). Thus, if the injury attributable to the tortious activity is felt by a Kansas complainant, the nonresident defendant's physical presence within

7

the forum state is not required for purposes of K.S.A. § 60-308(b)(2).
*See Ling*, 237 Kan. at 633, 703 P.2d at 734; *see also Ammon v.
Kaplow*, 468 F.Supp. 1304, 1309 (D.Kan.1979) (New York
defendants' allegedly false advertisement in a national publication
causing financial injury to Kansas resident satisfies tortious act
provision); *J.E.M. Corp. v. McClellan*, 462 F.Supp. 1246, 1248-54
(D.Kan.1978) (Illinois defendant's phone call to Kansas resident
during which fraudulent representations were made falls within K.S.A.
§ 60-308(b)(2)).

*Thermal Components Company v. Griffith*, 98 F.Supp.2d 1224, 1227 -1228

(D.Kan. 2000).[2] Cases cited by defendants which rely upon the location of

the original event which caused the injury, or the location of the trust, rather

than upon the location where the resultant damages are felt by the plaintiff,

are inconsistent with Kansas law summarized above.

Here, the plaintiff alleges that these defendants committed the torts of

fraud, breach of fiduciary duty, and conversion of her property, which

caused financial injury to her in Kansas. The allegations of the complaint

are sufficient to meet the requirements of the statute. *See Toytrackerz LLC*

*v. Koehler* , 2009 WL 1505705, 5 (D.Kan. 2009) (deeming tortious acts to

have occurred in Kansas for purposes of the long-arm statute where a

Kansas company and resident alleged economic injury as a result of the

tortious conduct of the defendants.); *Ammon v. Kaplow*, 468 F.Supp. 1304,

---

[2]K.S.A. § 60-308(b)(2) is now K.S.A. § 60-308(b)(1)(B).

1309 (D.Kan.1979).

But suffering an intentional tort injury in Kansas is not necessarily

sufficient to meet the constitutional requirements for personal jurisdiction.

> The mere allegation that an out-of-state defendant has
> tortiously interfered with contractual rights or has committed other
> business torts that have allegedly injured a forum resident does not
> necessarily establish that the defendant possesses the
> constitutionally required minimum contacts. Instead, in order to
> resolve the jurisdictional question, a court must undertake a
> particularized inquiry as to the extent to which the defendant has
> purposefully availed itself of the benefits of the forum's laws.

*Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir.1995). The

plaintiff contends that both general and specific jurisdiction are shown.

**General Jurisdiction**

The plaintiff asserts general jurisdiction over the defendants based

on their "continuous and systematic general business contacts" with the

forum state. *See* Dk. 13, p. 2, 10*; Helicopteros Nacionales de Colombia v.*

*Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Defendants assert that Kansas does not recognize general jurisdiction. The

court disagrees, as defendants err in relying on a case[3] decided before

2000 when the Kansas legislature enacted the statutory subsection to

---

[3]*Three Ten Enterprises, Inc. v. State Farm Fire & Cas. Co.*, 24
Kan.App.2d 85 (1997).

provide for general jurisdiction. *See* K.S.A. 60-308(b)(2) (2) ("A person may be considered to have submitted to the jurisdiction of the courts of this state for a cause of action which did not arise in this state if substantial, continuous and systematic contact with this state is established that would support jurisdiction consistent with the constitutions of the United States and of this state.")

General jurisdiction exists when a defendant's presence or contacts with a forum state are sufficient to comport with the Constitution, but the lawsuit does not arise from those contacts. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir.1988). For general jurisdiction, the defendant's contacts with the state must be greater than those required for specific jurisdiction. *Doe v. National Medical Services*, 974 F.2d 142,146 (10th Cir. 1992).

Plaintiff notes that the defendants mailed tax organizers to her in Kansas at least from 2003 - 2006, offered to continue to prepare her tax return after she moved to Kansas, and prepared her federal and state tax returns for her in Kansas from 2003 through her amended tax return for 2008. She adds that the Kansas tax returns state that the preparer may have to discuss the return and its attachments with the Director of

Taxation, putting defendants on notice that they may have to defend an audit or lawsuit in Kansas. According to the plaintiff, that notice, in conjunction with the above acts of the defendants, shows that the defendants purposefully directed their activities toward the plaintiff in Kansas for over five years, and should have "reasonably anticipated being haled into court" here.[4]

This record fails to show that these defendants had "continuous and systematic general business contacts" with Kansas.  Plaintiff has not shown that either defendant has ever advertised or solicited any business in Kansas or derived any revenue from services rendered in Kansas or from Kansas residents, except for their contacts with her. Defendants have not been shown to own property in Kansas, to have any agents in the state, or to have any presence whatsoever here. Defendants' contacts with the state of Kansas are thus insufficient to support a finding of general jurisdiction.

---

[4]Plaintiff also contends that M. Dewey Bain was the defendants' agent and that his contacts with the State of Kansas should therefore be considered, but the court finds no agency established on the current facts of record.

**Specific jurisdiction**

Plaintiff additionally contends that she has made a prima facie showing of specific personal jurisdiction over the defendants. Specific jurisdiction exists when the lawsuit allegedly arises from the defendant's contacts with the forum state which are sufficient to comport with the Constitution. *Rambo*, 839 F.2d at 1418.

> Our specific jurisdiction inquiry involves two steps. First, we ask whether the nonresident defendant has "minimum contacts" with the forum state such " 'that he should reasonably anticipate being haled into court there.' " *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Second, if the defendant has sufficient minimum contacts, we ask whether the court's "exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' " *Id.* (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). This question turns on whether the exercise of personal jurisdiction is "reasonable" under the circumstances of a given case. *Id.*

*TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007).

A defendant may reasonably anticipate being subject to suit in the forum state "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*,

471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citation

omitted); *see also Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2

L.Ed.2d 1283 (1958); *TH Agriculture & Nutrition*, 488 F.3d at 1287.

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. [770], at 774 [104 S.Ct. 1473 at 1478, 79 L.Ed.2d 790 (1984) ]; *World-Wide Volkswagen Corp. v. Woodson, supra*, [444 U.S.] at 299 [100 S.Ct. at 568], or of the "unilateral activity of another party or a third person," *Helicopteros Nacionales de Colombia, S.A. v. Hall, supra*, [466 U.S. 408] at 417 [104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984) ].

*Burger King Corp.*, 471 U.S. at 474-75, *quoting Hanson v. Denckla*, 357

U.S. at 253.

Defendants contend that but for the plaintiff's "unilateral activity" of

moving to Kansas, they would have had no contacts whatsoever with the

state. Defendants did offer to continue doing business with the plaintiff after

the plaintiff moved to Kansas, however, and chose to continue doing

business with her for over five years while she was in Kansas.

Nonetheless, those contacts were made with plaintiff in Kansas because

the plaintiff moved to Kansas, not because the defendants purposed to do

business in Kansas.

Even if the contacts were not the product of the plaintiff's unilateral

13

action, the court finds them insufficient to constitute minimum contacts.
Phone calls and letters are not necessarily sufficient to establish minimum
contacts. *Olsen v. Mapes*, 139 Fed. Appx. 54, 57 (10th Cir. 2005); *Far W.
Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir.1995). Instead, the
exercise of personal jurisdiction depends on the nature of those
communications. *Olsen*, 139 Fed. Appx. at 57 (citing *Rambo*, 839 F.2d at
1418) (finding no personal jurisdiction in Oklahoma over insurance
company on the basis of communications with insured who had moved to
Oklahoma after the policy was issued). *See In Soma Medical International,
Inc. v. Standard Chartered Bank,* 196 F.3d 1292, 1299 (10th Cir.1999)
(citing other court's conclusion that "numerous," or "hundreds" of phone
calls and letters established minimum contacts); *Far West Capital, Inc. v.
Towne*, 46 F.3d 1071, 1076-77 (10th Cir.1995) (finding that "defendants'
phone calls, and ten-to-twenty faxes and letters" during the course of
contract negotiations were insufficient to establish minimum contacts);
*Loeffelbein v. Rare Medium Group*, 2003 WL 23484636 at *4 (holding no
bright-line rule specifies the number of telephone calls deemed sufficient to
establish minimum contacts; finding twenty calls insufficient). Due process
standards are not met by the ordinary use of the mail and telephones to the

14

forum state unless those contacts form a substantial connection with the forum. *Biederman v. Schnader, Harrison, Siegal & Lewis*, 765 F.Supp. 1057, 1061 n. 4 (D.Kan.1991) (granting law firm's motion to dismiss where Kansas plaintiffs sued a Pennsylvania law firm over fees arising from the firm's representation of plaintiffs in litigation outside of Kansas).

Here, the facts fail to show that James L. Boehm and Boehm or Boehm had any communications, either by telephone or mail, with the plaintiff or anyone else in Kansas regarding her trust or her trust tax return, except for one call placed by the plaintiff after she learned of the trust's dissipation. Although the defendants placed a few telephone calls to the plaintiff in Kansas, sent her tax organizers annually, and filed her personal income tax returns in Kansas, the litigation is not alleged to result from injuries that 'arise out of or relate to' those activities, and those contacts do not form a substantial connection with the forum.[5] The court therefore concludes that it cannot exercise personal jurisdiction over these

_____

[5]The court finds it unnecessary to address whether the assertion of personal jurisdiction over these defendants comports with "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)) (quotation omitted). *See Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1249 (10th Cir. 2000) (citing *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174).

defendants.

IT IS THEREFORE ORDERED that the motion to dismiss defendants James L. Boehm, and Boehm & Boehm, Certified Public Accountants (Dk. 10) for lack of personal jurisdiction is granted.

Dated this 28th day of July, 2009, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge