IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MABEL FRANCES UFHEIL,

           Plaintiff,

vs.                                 Case No. 09-4047-SAC

M. DEWEY BAIN, Esquire
and Trustee of Mabel Frances
Ufheil Trust of 1999,
KATHY LOUISE DANIEL BAIN,
JAMES L. BOEHM, and
BOEHM & BOEHM, CPAs.

           Defendants.

MEMORANDUM AND ORDER

This case comes before the court on the plaintiff's motion for a new trial pursuant to Rule 59(e) ,or in the alternative, for transfer of the entire case to the U.S. District Court for the Western District of Texas. The motion is prompted by this court's dismissal on July 28, 2009, of two of the four defendants for lack of personal jurisdiction in Kansas. The dismissed defendants oppose the motion.[1]

---

[1] The remaining defendants have not answered or responded to the complaint, but have declared bankruptcy in the Northern District of Georgia.

**Rule 59**

The court views the plaintiff's motion, filed within ten days of the final judgment relating to the dismissed defendants, as a motion to alter or amend judgment under Rule 59(e). *See* D. Kan. Rule 7.3(a).

A Rule 59(e) motion in a civil action stands on limited grounds. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000). It provides the court with an opportunity to correct manifest errors of law or fact, to hear newly discovered evidence, or to consider a change in the law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *See Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1274 -1275 (10th Cir. 2005). A Rule 59(e) motion does not make it appropriate to revisit issues already considered or to argue matters not raised in prior briefs. *Servants of Paraclete*, 204 F.3d at 1012.

The court has reviewed plaintiff's motion, and finds no basis to alter or amend the judgment. The court previously considered the facts noted by the plaintiff, and no manifest error of law, newly discovered evidence, or change in the law is asserted or apparent.

**Transfer**

For the first time, and in lieu of dismissal, the plaintiff seeks transfer

of the entire case. In support of the request to transfer the case to the United States District Court for the Western District of Texas, the plaintiff alleges solely that "this would advance the interest of justice and public policy for a 96 year old lady who is blind and without funds to seek justice." Dk. 20, p. 7.

Plaintiff cites the relevant statute, 18 U.S.C. §1631, which provides in relevant part:

> Whenever a civil action is filed ... and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed....

"This statute applies in situations such as the instant case, where the want of jurisdiction consists of lack of personal jurisdiction over a defendant." *Wesley v. H & D Wireless Ltd. Partnership*, 678 F.Supp. 1540, 1543 (D.N.M.1987).

Defendant first asserts that this court lacks jurisdiction to decide the plaintiff's motion to transfer, because the court has already dismissed the case. The court disagrees, as the timely filing of a Rule 59(e) motion causes the underlying judgment to lose its finality. *See Lyghtle v. Breitenbach*, 139 Fed.Appx. 17, 21, 2005 WL 1178090, 2 (10th Cir. 2005). The timely filing of a motion to amend a judgment under Rule 59(e) gives

3

the district court the power and jurisdiction to amend the judgment for any reason, not just those set forth in the motion itself. *See Varely v. Tampax, Inc.*, 855 F.2d 696, 699 (10th Cir.1988).

The court does agree, however, that the plaintiff has failed to address the factors that this court is to consider in deciding such a motion.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008), citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006).

The parties have set forth no reason why the plaintiff could not have brought this action initially in the Western District of Texas. The court could speculate that the action was brought here solely for the convenience of and economy to the plaintiff. The court could presume that the plaintiff is "without funds" to pay the filing fee, in the event this case is refiled in instead of transferred to Texas. Defendant suggests that the new action

would not be time barred if it is filed anew in Texas, but neither party has shown the court an analysis of the applicable statute of limitations. In short, the court is unwilling to make an order based upon the parties' suggestions or its own speculations. Because the plaintiff has failed to show that the interests of justice favor a transfer, the motion to transfer shall be denied.

IT IS THEREFORE ORDERED that the plaintiff's motion for new trial or, in the alternative, to transfer the case (Dk. 20) is denied.

Dated this 25th day of August, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge